BETHEA v. BETHEA.

WILL.—LIMITATION OF ESTATES.—B. devised a tract of land to his wife "during her natural life, and at her decease to my son R., and to the lawful issue of his body, and if the said R. should die without lawful issues," it "shall be divided equally among my other heirs." *Construed* to give R. a fee conditional, and that his deed after issue born conveyed an absolute estate.

Before FRASER, J., Marion.    Affirmed.

Action by Robert L. Bethea against Leona Bethea and others, for permission to exchange lands with his infant daughter. From the decrees of Judges Aldrich and Fraser, the infant defendant appeals.

*Mr. W. W. Sellers*, for appellant, cites: 16 S. C., 304; 3 Rich. Eq., 559; 2 Hill, 227; 5 Rich. Eq., 301; 1 Strob., 132; 1 Strob. Eq., 344; 28 S. C., 486; 16 S. C., 291; 32 S. C., 563.

*Mr. C. A. Woods*, contra, cites: 13 S. C., 119; 17 S. C., 549; 33 S. C., 293; 1 Rich. Eq., 411.

March 11, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES.    The facts agreed upon in this case are as follows: "James R. Bethea made his will in 1872, and it was admitted to probate after his death, in 1878. The will contained the following devise: '8. I give and bequeath to my wife, Mary C. Bethea, during her natural life, and at her decease, to my son, Robert L. Bethea, and to the lawful issues of his body, a tract of land (described); and if the said Robert L. Bethea should die without lawful issues, the above named tract of land shall be divided equally among my other heirs.' Robert L. Bethea, in 1872, was unmarried and childless, but he is now married, and has four children, one of whom was born after the commencement of this action. The life tenant, Mary C. Bethea, died before this proceeding was instituted. Robert L. Bethea has been twice married. The defendant, Leona Bethea, is a child of his

first wife, and inherited from her mother a tract of land in Sumter County. For good reasons, as the Court has found, Robert L. Bethea wished to convey to his daughter, Leona Bethea, a certain portion of the land covered by the devise from his father, in exchange for her land in Sumter County; and this action was brought to obtain the sanction of the Court to the transaction. All the other children of James R. Bethea are living, and have been made parties to this action. All parties agreed that the cause should be heard in Marion County. Upon the hearing, Hon. James Aldrich held that the transaction would be advantageous to the infant defendant, Leona Bethea, and that under the will of James R. Bethea, Robert L. Bethea took a fee conditional, and could make a good title to his daughter, Leona, for the land covered by the devise. Robert L. Bethea having acquired all the contingent interests of his brothers and sisters, Hon. T. B. Fraser ordered the master to convey to Robert L. Bethea the land of Leona Bethea in Sumter County, upon his executing to her a title for a tract of land containing 180 acres, embraced in the devise from James R. Bethea. Leona Bethea, by her guardian *ad litem*, now excepts to the decrees of Judges Aldrich and Fraser, and appeals to the Supreme Court on the following grounds: 1. Because the said Circuit Judges erred in holding that Robert L. Bethea took a fee conditional under the will of James R. Bethea, whereas they should have held that Robert L. Bethea took only a life estate, with remainder to such issue as he might have surviving him as purchasers. 2. Because the said Circuit Judges erred in not holding that the transfer of land should not be made, because Robert L. Bethea could not convey a good title to Leona Bethea for the land devised to him by James R. Bethea."

We think Robert L. Bethea takes a fee conditional in the land devised. *Whitworth* v. *Stuckey*, 1 Rich. Eq., 404; *Hull* v. *Hull*, 2 Strob. Eq., 190; *Hay* v. *Hay*, 3 Rich. Eq., 384. The case of *Whitworth* v. *Stuckey*, *supra*, which has been repeatedly recognized and followed in this State, seems

conclusive.    In that case the testator devised lands to his son "for and during his natural life, and at his death to the lawful issues of his body, and if he should die without lawful issue living at the time of his death, then" over.    The Court held that the limitation to the lawful issue of his body served only to enlarge the estate of the son to a fee conditional at common law, and did not create a remainder to the issue as purchasers.    If the devise in that case was a fee conditional, it is even more clear that the devise under consideration is a fee conditional, because in that case the testator showed an intention to give a life estate to his son, by expressly devising to him "for and during his natural life," &c., whereas in the case at bar, there is no expression whatever indicating an intention to give Robert L. Bethea merely a life estate.

The act of 1853, sec. 1976, Rev. Stat. 1893, relating to limitation of estates, is applicable to the will in this case, which was made in 1872, but, under that act, our construction of this will is the same.    That act declares that "whenever * * * in any will of a testator hereafter dying, an estate, either in real or personal property, shall be limited to take effect on the death of any person without heirs of the body, or issue, or issue of the body, or other equivalent words, such words shall not be construed to mean an indefinite failure of issue, but a failure at the time of the death of such person."    Construing this act, in *Simons* v. *Bryce*, 10 S. C., 365, the present Chief Justice, then Associate Justice, said: "In construing a will which took effect after the passage of that act, we are required to read a devise to one and the heirs of his body, or to one and his issue, and in case of his death without heirs of his body or without issue, then over to some one else; as if the gift were to one and the heirs of his body, or to one and his issue, and in case of his death without *leaving* heirs of his body, or without *leaving issue living at the time of his death*, then over, in which case the limitation over would unquestionably be good."    Further on, in that same case, the Court said: "These words,

when applied to personalty, create an estate for life in the
first taker, with remainder to his issue as purchasers." But
as the devise under consideration relates to realty, we need
not consider what effect the act of 1853 would have on the
construction of a will relating to personal property, in terms
like the one in question.    The effect of the act of 1853 on
the devise in this case is to make it read, "to my son, Rob-
ert L. Bethea, and to the lawful issues of his body, &c.;
and if the said Robert L. Bethea should die *without leaving
lawful issues living at the time of his death*," then over.
But for the act of 1853 imparting to this will the words,
"*living at the time of his death*," the limitation would be
void for remoteness, under the rule against perpetuities.
This act has special reference to the question of remoteness
with a view to sustain or save limitations, but does not
abolish the rule in Shelley's case.    *Fields* v. *Watson*, 23 S.
C., 42.    It is clear that the words of the direct devise, "to
Robert L. Bethea and to the lawful issues of his body,"
create a fee conditional in Robert L. Bethea, but the ques-
tion still remains whether the limitation over, which is not
void for remoteness, under the act of 1853, controls or quali-
fies it.    It will be observed that the words imported into
this will under the act were *actually* in the devise under
consideration in *Whitworth* v. *Stuckey*, *supra*, so that the
last named case is an authority supporting our conclusion,
after allowing the act of 1853 its full force.    In *Hay* v.
*Hay*, *supra*, Chancellor Johnson, in an opinion concurred
in by the Court of Appeals, said, at page 390: "But even if
the limitation over were within proper time, it has not the
same effect upon the preceding limitation in cases of real
estate that is allowed to it in cases of personalty.    In the
latter case, we have seen (as was decided in the cases on
Bell's will, Bail. Eq., 535,) that such limitation over con-
verts the issue, or heirs of the body, mentioned in the words
of direct gift, into purchasers in remainder.    But the same
Judge whose opinion was established in these cases held, in
*Whitworth* v. *Stuckey* (1 Rich. Eq., 411), that when real

estate is concerned, the direct gift is unaffected by the limitation over." And in *Hull* v. *Hull,* 2 Strob. Eq., 190, the Court, speaking of the case of *Whitworth* v. *Stuckey*, said: "In that case there was a limitation over in case of the son's dying without lawful issue living at the time of his death; but it was held that this did not restrict the son to a life estate, nor enable the issue to take as purchasers; and very properly, because, as we have seen, if it had been the positive and express intention of the testator that the son should take a life estate, and no more, the issue would still have taken as heirs, and the law would have annexed their estate to his. If, therefore, the limitation over, in the case before us, were good as to real estate, it could have no influence in excluding the rule in Shelley's case." It will be noted that there is nothing in the will in question to indicate that the issue were to take as a new stock of descent, as, for instance, if the devise had been to the issue *and to their heirs*, or words of equivalent import, so as to make applicable the rule of construction laid down in *McIntyre* v. *McIntyre*, 16 S. C., 290, and in cases therein cited.

Robert L. Bethea, having a fee conditional in the lands devised, may dispose of the same, after the happening or fulfillment of the condition, birth of issue, as in this case, by alienation by deed in his lifetime. His deed of the land in question to Leona Bethea would convey a good title, if made as contemplated.

The judgments of the Circuit Court are affirmed.