### 8116

CAROLINA TIMBER CO. v. HOLDEN.

1. Granting a continuance is a matter of discretion with trial Judge, and there was no abuse here.

2. An exception on appeal not based on an objection to evidence when offered will not be considered.

3. Proof of Deeds.—That a witness to a deed had an interest in the deal by way of commissions does not render him incompetent to prove the deed.

4. An exception not stating clearly the evidence objected to and stating no ground of objection is too general.

5. Fee Conditional.—Deed conveying land to one and the heirs of his body and assigns forever vests in the grantee a fee conditional, and on birth of children he may convey the fee.

Before Gage, J., Oconee, March, 1911. Affirmed.

Action by Carolina Timber Company against W. V. Holden and Isaac Holden. Defendant appeals.

*Messrs. J. R. Earle* and *M. C. Long,* for appellants, cite: *As to continuance:* 50 S. C. 403. *Acceptance and delivery of deed:* 2 Rich. Eq. 99; 16 S. C. 631. *Construction of "heirs:"* 36 S. C. 295.

*Messrs. Haynesworth & Haynesworth,* contra, cite: *As to witness having interest in deed:* 77 N. W. 112; 62 L. R. A. 790; 46 So. 6; 95 C. C. A. 325. *Chapman took a fee conditional:* 1 Rich. Eq. 404; 47 S. C. 288; 48 S. C. 334; 65 S. C. 334; 67 S. C. 334; 3 Rich. Eq. 384.

March 2, 1912. The opinion of the Court was delivered by

Mr. Justice Watts. This is an action of trespass upon a tract of land described in the complaint, both parties claiming under a deed bearing date March 13, 1866, and made by Robert Johnson to Artemissa Chapman. The

action was tried before his Honor, Judge Gage, and a jury on March 2, 1911. After all the testimony was in, upon motion of plaintiff's attorney, the Court directed a verdict for the plaintiff. Judgment was entered thereon, and defendants appeal on ten (10) grounds.

In the deed from Johnson to Chapman the *habendum* reads, "unto Artemissa Chapman and the heirs of her body and assigns forever, reserving a life estate to her husband, Jack Chapman." The language of the granting clause was similar. On January 11, 1890, Artemissa and Jackson Chapman, having at that time children, executed a deed, purporting to convey this land to M. C. Newton, who, on January 16, 1890, conveyed it to W. J. Duffie. W. J. Duffie, having died, his executors, in accordance with authority contained in his will, conveyed it to R. E. Bowen by deed, dated March 1, 1902; and Bowen on the same day conveyed it to Benedict-Love Company, who in turn conveyed it to Montvale Lumber Company, on February 2, 1904. This company conveyed it to plaintiffs on June 10, 1909. The defendants claim title under deeds made by children of Artemissa and Jackson Chapman, both of whom have died. There was evidence as to the alleged acts of trespass. The defendants, by their answer to the complaint, denied, for the purpose of this action, that the plaintiffs had capacity to sue, and that plaintiff was the owner of the land, and that the defendants had trespassed on the land. W. V. Holden denied plaintiff's title to land and asserted and set up title in himself, alleging that the Chapmans only had a life estate in the lands, and that after their death their children took possession of the land, and remained in possession until they sold to him, and that defendants had no notice of the claims of any one to the land until the commencement of this action. They further allege that the deed under which plaintiffs claim, was obtained by fraudulent representations from the Chapmans, and for a nominal sum and inadequate price.

Exception 1 assigns "error and abuse of discretion for the Court to force defendant to trial under the peculiar circumstances as set out in the case." We see no error on the part of Judge Gage in refusing to grant a continuance of the case on the showing made. Granting a continuance is a matter entirely in the discretion of the Judge; and the record shows no abuse of this discretion. This exception is overruled.

Exception 2. "That it was error for the Court to admit in evidence the deed of Artemissa Reid Chapman and Jackson Chapman to M. C. Newton, as it appears that W. J. Roark was the real party in interest who was purchasing the land, and that he was one of the subscribing witnesses thereto. That the said grantee never had any knowledge or gave her consent to the transaction or no delivery of the deed was made." The deed from Artemissa and Jackson Chapman to Newton was witnessed by W. K. Stewart and W. J. Roark. The testimony shows that before the execution of the deed, Roark had bid off the land in question at tax sale, and that J. H. Newton had told him that he could sell the land to Duffie if he, Roark, would get a deed to it from the Chapmans to Mrs. Newton. Roark undertook to obtain the deed and was to receive $50.00 from Newton. Roark was to have no interest in the land itself, but was to be paid upon the condition that he obtained the deed. When Mr. Haynesworth read the testimony of W. J. Roark, taken before the clerk of court under an order of Judge Gary, Mr. Earle objected and said: "We object to that. We would like for the Court to pass upon that question first as being an interested witness; further on in his testimony, he was a beneficiary under this deed, which he was undertaking to execute. I think the balance of his testimony which follows this shows that he is an incompetent witness, and we would like for your Honor to pass upon this question." Judge Gage made no ruling. The plaintiffs put up W. K. Stewart, the other subscribing

witness, who testified that he saw the Chapmans sign the deed and that he and W. J. Roark witnessed it. R. R. Roark, a son of W. J. Roark, testified for the plaintiffs that his father lived at Raleigh, North Carolina; that he knew his handwriting, and that the signature to the deed was the handwriting of W. J. Roark. Later Mr. Earle said, "We want to offer the cross-examination in." Mr. Haynesworth: My friend can offer the entire testimony. By the Court: You can't put in part of what was said, and not the whole. Mr. Earle: Then we withdraw our objection to the deposition, as my friend there started to read it. Deposition of W. J. Roark introduced in evidence and read to the jury by Mr. Earle. After this testimony as to execution of deed plaintiff's attorney, Mr. Haynesworth, said: "This deed is over twenty years of age. I now introduce it in evidence, dated January 11, 1890, from Artemissa and Jackson Chapman to M. C. Newton." Introduced and marked exhibit "C." This deed purported to convey land in question and was put in without objection on part of defendants. If they intended to object they should have done so at the time it was offered in evidence. Having failed to make any objection they are precluded from raising the question on appeal. But even between the parties to the deed, the fact that one of the subscribing witnesses had an indirect interest in the transaction, such as the commissions due a real estate agent or a claim on the part to be received, would not make him incompetent, as he had no interest in the land itself. This exception is overruled.

Exception 3 charges error in admitting "certain statements of J. H. Newton in reference to the execution of the deed from the Chapmans to M. C. Newton, and to the contents thereof as appears upon the record." The exception does not make it clear what statements are referred to and no grounds are stated in the exception. This exception is overruled.

Exception 4 is overruled for the same reason.

Exception 5 charges "error in refusing the motion for a *nonsuit* on the ground that the plaintiff had failed to show title."

This is overruled as Circuit Judge made no mistake in refusing motion.

Exception 6 alleges error in excluding certain testimony of the witness, George Holcomb. The ruling of the Court was proper, as the testimony referred to was incompetent to show undue influence.

This exception is overruled.

Exception 7 charges error in construing the deed to the Chapmans as a conveyance of a fee conditional and in construing the deed made by the Chapmans as conveying a fee. The Chapmans having children living at the time of the execution of their deed conveyed the land to M. C. Newton, it is clear that this deed conveyed to Newton the fee simple, provided the Chapmans, or either of them, held the fee conditional. Both the *habendum* and the granting clause in the deed from Johnson to the Chapmans read, "unto Artemissa Reid Chapman and the heirs of her body and assigns forever," reserving a life estate to her husband, Jackson Chapman, that this conveyed to Artemissa Reid Chapman a fee conditional and under the authorities of this State she had a right to alienate by deed. *Miller* v. *Graham*, 47 S. C. 288, 25 S. E. 165; *Bethea v. Bethea*, 48 S. C. 334, 26 S. E. 716; *Mattison* v. *Mattison*, 65 S. C. 334, 43 S. E. 874. This exception is overruled.

Exception 8 alleges "error in holding that there was no testimony upon the issue of fraud, and directing the jury to find verdict for plaintiff." We have carefully considered all the testimony, and we find no competent relevant testimony tending to show fraud.

This exception is overruled.

Exception 10 alleges "error in not holding that the testimony of W. K. Stewart, W. J. Roark, George Holcomb, M. C. Newton, W. M. Chapman and R. L. Smith was some testimony to go to the jury on the question of fraudulent representation to obtain the execution of the deed."

We have carefully considered all the testimony, and we find there was no competent evidence introduced to show fraud on the part of Roark in obtaining deed. The exception is overruled.

The judgment of the Circuit Court is affirmed.