## 18355

Maxine SCARBOROUGH, individually, as Executrix under the Will of Christibelle L. Scarborough, and as Executrix under the Will of Gwendolyn Scarborough, Appellant, v. David Edgar SCARBOROUGH, Respondent.

(142 S. E. (2d) 706)

*Messrs. Graydon & Davis,* of Columbia, *for Appellant,*

*Messrs. R. K. Wise, A. Birge Wise* and *William H. Townsend,* of Columbia, *for Respondent,*

*Messrs. Graydon & Davis,* of Columbia, *for Appellant,*

June 2, 1965.

LEWIS, Justice.

This appeal involves primarily a determination of the estate which passed to the devisees under item 4 of the will of E. M. Livingston, deceased. This item is as follows:

"4. I give, devise and bequeath all of my Real property which I may have, situate lying and being outside the Corporate limits of the said town of North, State aforesaid, in equal shares to my wife, Loula M. Livingston, and my daughter, Julia Christibelle Livingston. My wife, the said Loula M. Livingston, shall take the real estate so devised to her outside the Corporate limits of the town of North, during her natural life and at her death to my daughter, Julia Christibelle Livingston; and if my said daughter, Julia Christibelle Livingston, should die leaving no Heirs of the body, then the same shall revert back to the heirs of the

Testator. My daughter, the said Julia Christibelle Livingston, shall take the Real estate so devised to her out-side the Corporate limits of the town of North, to her and at her death to the Heirs of her body, and if my said daughter, Julia Christibelle Livingston, die leaving no Heirs of the body, then and in that event, the real property so devised to her out-side the Corporate limits of the town of North, shall revert back to the Heirs of the Testator."

Mr. Livingston died on January 9, 1914, leaving his will dated August 12, 1909. He left surviving him his widow, Loula M. Livingston, and a daughter, Julia Christibelle Livingston. The testator owned property located both within and without the town limits of the Town of North, South Carolina. He gave fee simple title to his town property, under item 2 of his will, to his wife and daughter in equal shares. His rural property was devised to his wife and daughter under item 4 of the will, with which we are here concerned.

The daughter, Julia Christibelle Livingston, married David Edgar Scarborough in 1913 and had three children, namely: the plaintiff, Maxine Scarborough; the defendant, David Edgar Scarborough, Jr.; and Gwendolyn Scarborough deceased. Mrs. Julia Livingston Scarborough died on July 5, 1961 leaving a will in which she devised various portions of the property covered by item 4 to her above named children. Subsequently, Gwendolyn Scarborough died on September 19, 1962, leaving a will by which she devised her interest in the property covered by item 4 to her sister, Maxine, the plaintiff herein.

Loula M. Livingston, the wife of the testator, died on August 5, 1963, leaving a will which, admittedly, has no effect upon the determination of the present issues, since she took only a life estate in the property devised in item 4 of her husband's will.

This is an action for partition and the controversy is between the two surviving grandchildren of the testator, E. M. Livingston. The plaintiff claims fee simple title to the interest

devised to her under the will of her mother and also that devised to her under the will of her sister, Gwendolyn. However, the effect of the conveyances to the plaintiff under these wills and the estate owned by her and her brother, the defendant, depend upon the nature of the estate created under item 4.

The lower court held, as contended by the defendant, that under the language of the foregoing item a fee conditional estate was conveyed to Julia Livingston Scarborough, the daughter of the testator, and that consequently the plaintiff and the defendant, as the surviving grandchildren, each now own a one-half interest in fee conditional in the real estate involved. The plaintiff has appealed from the judgment of the lower court, contending that, under a proper construction of the foregoing item, the testator devised his rural property to his wife and daughter in equal shares—one-half to his wife for life and, at her death, to the daughter in fee simple subject to being defeated on the contingency of her dying without heirs of the body; and the other one-half to the daughter for life with remainder over to her bodily heirs in fee simple.

A detailed analysis of the language used in item 4 is necessary. The item contains three sentences. The first sentence devises all of testator's property situate outside the corporate limits of the town of North to his wife and daughter "in equal shares." This sentence, standing alone, would have given to the wife and daughter, each, a fee simple title to one-half of the property involved. However, the item did not stop here.

The testator proceeded in the first part of the second sentence to provide that his wife would take "the real estate so devised to her * * *, during her natural life and at her death to my daughter," thereby limiting, at that point, the share given to the wife to a life estate with remainder over in fee simple to the daughter. But, in the last portion of the second sentence, the testator qualifies the remainder estate given to the daughter in the wife's equal share

by providing that, "if my said daughter, * * *, should die leaving no heirs of the body, then the same shall revert back to the heirs of the testator." If the item had ended with this second sentence, it is clear that the daughter would have been given the remainder in the wife's equal share (after the life estate of the wife) in fee simple subject to being defeated if the daughter should die without heirs of the body. This contingency never occurred for the daughter died leaving children. Therefore, if there are no other provisions affecting the equal share devised to the wife for life, fee simple title to this share of testator's rural property passed under the daughter's will to her children; and the will of Gwendolyn was effective to convey her interest in this one-half to the plaintiff.

The parties to this action and the lower court are in agreement as to the foregoing construction of the first two sentences of item 4. The real issue in the case involves the proper construction to be placed upon the third sentence and its effect upon the preceding provisions of the item.

After providing in the first sentence of the item that his rural property would go to his wife and daughter in equal shares, and limiting in the second sentence the interest of the wife in her equal share to a life estate, with remainder to the daughter in fee simple subject to being defeated if the daughter should die without heirs of the body, the testator made the following provision in the third sentence:

"My daughter, the said Julia Christibelle Livingston, shall take the Real estate so devised to her out-side the corporate limits of the town of North, to her and at her death to the Heirs of her body, and if my said daughter, Julia Christibelle Livingston, die leaving no Heirs of the body, then and in that event, the real property so devised to her out-side the Corporate limits of the town of North, shall revert back to the Heirs of the Testator."

The first question to be determined with reference to the provisions of the third sentence is whether they, regardless of the estate created thereby, apply to both

of the equal shares devised in the first sentence to the wife and the daughter. The lower court held that the reference in the third sentence to the real estate "so devised" to the daughter applied to all of the property in which the daughter had been given an interest in the two preceding sentences. In other words, the lower court held that the provisions of the third sentence applied to the entire estate in the property covered by item 4, thereby, in effect, negating the specific estate devised to the daughter in the second sentence. We do not think that the provisions of the third sentence were intended to have such broad application.

There is no language in the third sentence to indicate that the testator intended to cut down or modify the estate devised to the daughter in the second sentence. In the first sentence of the item, he divided his rural property into two equal shares, one-half to his wife and the other one-half to his daughter. He thereafter dealt with the two shares separately —in the second sentence with the real estate "so devised" to his wife and in the third with the real estate "so devised" to his daughter. This interpretation gives effect to each sentence of the item and does no violence to any otherwise ascertainable intent of the testator.

What then was the estate devised to the daughter in the equal share referred to in the third sentence?

There are no other provisions of the will which cast any light upon the intent of the testator. Unquestionably, the language used in the third sentence constitutes a devise in fee conditional to the daughter, so that upon birth of issue she took a fee in one-half of the lands, which she could alienate during her life, but could not dispose of by will. The daughter did not alienate during her lifetime and her will was ineffective to pass the fee conditional estate. The same passed in accordance with the form of the gift, continuing fee conditional in her children. *Whitworth v. Stuckey,* 1 Rich. Eq. 404; *Bethea v. Bethea,* 48 S. C. 440, 26 S. E. 716; *Antley v. Antley,* 132 S. C. 306, 128 S. E. 31; and this construction is unaffected by the provisions of Section 57-3

of the 1962 Code of Laws *Bethea v. Bethea, supra; Woodle v. Tilghman,* 234 S. C. 123, 107 S. E. (2d) 4.

The plaintiff has called our attention to the case of *Blume v. Pearcy,* 204 S. C. 409, 29 S. E. (2d) 673, but we do not think the court in that case intended to change or modify the rules adhered to in the foregoing decisions.

We, therefore, hold that the estate in the rural lands of E. M. Livingston passed under item 4 of his will as follows:

(1) One-half in fee simple (after the life estate of his wife) to his daughter, Julia, with the possibility of reverter in the event the daughter died without heirs of the body. The daughter died leaving heirs of the body and this one-half interest passed to her children in fee simple under her will, with the interest of Gwendolyn passing under her will to the plaintiff in fee simple.

(2) One-half in fee conditional to the daughter. The daughter did not alienate this interest during her lifetime and, under settled principles of law governing such estates, it passed to her children in fee conditional. The plaintiff and the defendant, as the sole surviving children (grandchildren of E. M. Livingston), now own, in equal shares, fee conditional title to this one-half interest. Just as in the case of the will of the daughter, Julia, the will of Gwendolyn was ineffective to pass title to her fee conditional interest in this share of the lands.

The order of the lower court is, therefore, modified in accordance with the views expressed herein and the cause remanded to the lower court for further proceedings.

Modified and remanded.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.