18633

D. E. SCARBOROUGH, Jr., Respondent, v. Maxine
SCARBOROUGH, Appellant

(154 S. E. (2d) 110)

*Augustus T. Graydon, Esq.,* of *Graydon & Davis,* of Columbia, *for appellant,*

Messrs. *R. K. Wise, A Birge Wise* and *William H. Townsend,* of Columbia, *for Respondent,*

*Augustus T. Graydon, Esq.,* of *Graydon & Davis,* of Columbia, *for appellant, in reply.*

April 14, 1967.

LEWIS, Justice.

The basic question in this appeal, the answer to which renders unnecessary a consideration of all others raised, is whether a child who holds a fee simple conditional title to lands by intestate succession from her parent, the original donee of such estate, can make a valid fee simple absolute conveyance of such property before the birth of bodily issue to the child.

The background of this appeal is found in our decision in a prior action between the same parties, *Scarborough v. Scarborough*, 246 S. C. 51, 142 S. E. (2d) 706, which involved the construction of the will of the late E. M. Livingston.

Mr. Livingston died leaving a will which we construed in the prior appeal as devising a fee simple conditional estate in certain of his lands to his daughter, Julia. She did not alienate the lands during her lifetime and died leaving surviving her three children, namely: the plaintiff, David Edgar Scarborough, Jr.; the defendant, Maxine Scarborough; and Gwendolyn Scarborough who subsequently died with her interest in the lands passing to her brother and sister, the plaintiff and defendant. We held in the prior decision that, although the condition of fee simple conditional estate was fulfilled by birth of issue to Julia, since she did not alienate the lands during her lifetime, they passed to her children "in accordance with the form of the gift, continuing fee conditional" in them.

Accordingly in a subsequent partition of the lands in question, the defendant, Maxine Scarborough, was alloted a 118 acre tract in fee simple conditional. Maxine is past 50 years of age, unmarried, and has no bodily issue. Her brother is married and has living issue. After the allotment of the 118 acre tract to her, Maxin attempted to sell the timber from the land and her brother brought this action, as an heir at law of the original donor, to restrain the sale,

contending that, since Maxine held only a fee simple conditional estate and had no issue born to her, she could not lawfully sell the timber.

Maxine, on the other hand, contends that as an heir of her mother, Julia, the original donee, she has the same power to alienate the lands or the timber that her mother had after the birth of issue. In other words, she contends that upon the fulfillment of the condition of the fee simple title by the birth of issue to her mother, the original donee, such condition remained fulfilled as to her, a subsequent taker, and that she therefore has the right, which her mother had but never exercised, to make an *inter vivos* conveyance, which she proposes to do in the sale of the timber.

The lower court entered an order denying the claimed right of Maxine to sell the timber, from which she has proseucuted this appeal. The order under appeal was based upon the holding that, while the birth of issue to the mother, the original donee, operated to relieve the condition imposed by the donor so that the mother could make an *inter vivos* conveyance of the land, such did not relieve the condition as to succeeding tenants; but upon the failure of the mother to alienate the land during her lifetime, the same passed to Maxine subject to the original condition imposed by the donor, that is, Maxine must also have bodily heirs in order to convey.

The fee simple conditional estate has been long recognized in this State. It would serve no useful purpose to review the history or all of the characteristics of the estate. The manner of its creation and most of the incidents of such title have been set forth in our proir decisions. Most of our pertinent decisions have been discussed and cited in at least two articles in the South Carolina Law Review, 18 S. C. L. R. 110, 18 S. C. L. R. 476, and in an annotation in 114 A. L. R. 602. We confine ourselves therefore to a decision of the narrow issue presented in this case.

We held in *Scarbourgh v. Scarborough, supra,* in line with our prior decisions, that where issue is born to a donee of a fee simple, conditional title and the donee fails to alienate during his or her lifetime, the property descends to the designated heirs *per forman doni,* that is, "in accordance with the form of the gift, continuing fee conditional" in the heirs. The plaintiff contends, and the lower court held, that the foregoing constituted a holding that the continuance of the fee simple conditional in the heirs carried with it all of the original incidents of such title including the necessity that the heir also have bodily issue before he could make a valid *inter vivos* conveyance. We disagree.

Apparently none of our prior decisions have dealt with the question now before the court. Certainly there is no clear precedent in our prior decisions to impel a holding that, in order not to upset fixed principles of real estate law, the child of a deceased donee of a fee simple conditional estate must also have bodily heirs in order to make a valid alienation of the property.

The fee simple conditional estate is created by a grant or devise to some particular heirs—in this case to *heirs of the body*— to the exclusion of all others. Under such estate the only condition to be met, in order to give the donee the right to convey by fee simple absolute, is the birth of issue. Once this condition has been met an *inter vivos* alienation is allowed.

Where the condition has been met and the donee dies with surviving issue and without having made an *inter vivos* alienation, the fee simple conditional estate descends to the issue. However, no sound reason appears to hold that upon such descent a new condition arises to be fulfilled by the issue. The only condition imposed by the donor has been met by the death of the donee with surviving issue. Therefore, any subsequent holder of the title can make an *inter vivos* alienation, for there is no further condition to be met.

In the present case Mrs. Julia Scarborough, the original donee of the fee simple conditional, had the right, after birth of issue to her, to make an *inter vivos* conveyance of the lands in fee simple absolute. She did not exercise this right and upon her death the fee simple conditional estate descended to her children. As long as her children hold the lands in fee simple conditional, such estate continues in them and, if they die without having made an *inter vivos* conveyance of the property, the estate will continue in the line of bodily issue. However, since the condition imposed by the donor has been fulfilled by Julia's death with issue, the subsequent takers in the line of bodily issue, may make an *inter vivos* conveyance of the property and irrevocably remove the conditional nature of the fee simple title.

The lower court was accordingly in error in holding that the defendant could not sell the timber from the 118 acre tract of land in question and use the proceeds as her sole property.

The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of the defendant.

Moss, C. J., Bussey and Brailsford, JJ., and G. Badger Baker, Acting Associate Justice, concur.