### 6804

### WATTS v. WHETSTONE.

NOTICE—RECORD.—A DEED probated by grantor is not properly recorded under such probate under the recording acts, and the record is no notice to subsequent purchasers.

Before GAGE, J., Aiken, January, 1907.   Affirmed.

Action by Ellen Watts *et al.* against Lloyd Whetstone *et al.* From decree in favor of certain defendants, plaintiffs Ellen Watts, Elestine Catharine Garvin, William Garvin, and defendants Lloyd Whetstone and Samuel Whetstone, appeal on following exceptions:

I. "Because the Circuit Judge erred in finding and holding, that there was no color of title under the deed of the 13th of June, 1873, which would give adverse possession to the heirs at law of Elizabeth to whom the lands were conveyed by the father of Elizabeth.

II. "Because the Circuit Judge erred in his decree by finding and holding that the deed of the 13th of June, 1873, is not in evidence; that only a certified copy is in evidence, but the same was no notice to John Garvin when he bought at the sheriff's sale of Holley.

III. "Because the Circuit Judge erred in his decree, in finding and holding, that the grantor could not probate his own deed, that the act did not give him authority so to do; it being conceded that he was a Notary Public, and authorized to swear one of the subscribing witnesses to the deed; although of record when John Garvin bought, was not notice to him that a deed unlawful in its record would be no notice to the world; and that the possessor could not acquire a title by adverse possession, and that the puchaser at sheriff's sale was a purchaser for vallue without notice, notwithstanding the conveyance was then on record in the Clerk's office and notice to the world.

IV. "Because the Circuit Judge erred in finding and holding that the deed of conveyance to Elizabeth from Robert June 13th, 1873, was not lawfully on record, and was therefore of no notice to a subsequent purchaser for value.

V. "Because the Circuit Judge erred in finding (filed June 28th, 1907, and not served upon the plaintiffs in the action) that the purchaser occupied the possession of a purchaser for value without notice that there could not be any adverse possession by the grantee of the lands in dispute; that the grantee did not take a good title; that the deed carried the premises notwithstanding the grantee did not live on the land, and that the deed being of record at the time the grantor purchased from the sheriff was notice to the grantee; that the grantee being in possession and holding

the land adverse to the claim of the grantor, she having claimed the land in dispute for which partition is claimed having been in possession of same continuously for the statutory period that she claimed the said land adversely to the grantor who had never been in possession of the same, or of any part thereof, and that the grantor acquired a good title to the land, and was entitled to a partition thereof, and not to a dismissal of the complaint herein, with the cost of the action.

VI. "Because the Circuit Judge erred in his decree, in dismissing the complaint, and in throwing the cost on the plaintiffs herein.

VII. "Because the Circuit Judge erred in finding and in holding, that the deed of Elizabeth from Robert was not lawfully on record; that there was no notice to John Garvin or his assigns, and that they are purchasers from Squire Robert without notice of a former deed by Squire Robert.

VIII. "Because the Circuit Judge erred in finding and holding, that the deed made on the 13th of June, 1873, was fraudulent and void, even if properly recorded; that the deed was without consideration, and that it would not give color to any premises, to Elizabeth or her heirs-at-law, and that the claimant had possession of the entire premises, in dispute.

IX. "Because the Circuit Judge erred in finding and holding, that notwithstanding Elizabeth and her heirs held the land in dispute for more than ten years, while she and they had a deed to the whole premises which was duly recorded in the proper office, of record, whether lawful or not she and they could not acquire a good statutory title to all of the premises.

X. "Because the Circuit Judge erred in his decree by finding and holding, that adverse possession, under the circumstances gave a good statutory title to the entire premises, that the deed was not lawfully recorded; and that the purchaser at sheriff's sale was without notice.

XI. "Because the Circuit Judge erred in finding and holding the foregoing as matter of law, that the facts and circumstances, the testimony and evidence are overbearing and the right is the other way, and against the finding of facts and the law of the case, all of the testimony being before the Court; that the testimony is too meager to establish possession and acts of dominion 'to warrant the conclusions that Elizabeth and her representatives, ever owned the land, or are now entitled to a part of it;' and that the Circuit Judge was warranted in dismissing the complaint herein.

XII. "Because his Honor erred in his decree by finding and holding that the recording was not lawful; that it was not notice at the sheriff's sale to the purchaser, that the parties could not hold the premises by adverse possession; and that a certified copy of the deed was not evidence."

*Mr. James F. Izlar,* for plaintiffs-appellants, cites: As *to probate of deed:* Code 1902, 2456, 662-666; 11 Stat., 76. *As to adverse possession:* 1 Current L., 30; Segr. & Tyler on Eject., 806; 72 S. C., 228. *As to acknowledgment:* 1 Dev. on Deeds, secs. 628, 656, 678, 679, 683, 685, 686, 693, 694, 696, 701; Black, 97.

*Messrs. Sawyer & Owens,* for defendants-appellants, cite: *On probate of deed:* 2 Speer, 145; Rev. Stat., 1893, 188; 90 Ky., 23; 113 N. C., 1; 1 Hughes, 37; 46 Ga., 253; 5 Ia., 95; 1 Ency., 493, 507; 23 Fla., 529; 1 Cyc., 553, 555, 557; 74 Mo., 49; 97 Tenn., 228, 478; 6 N. Y., 422; 98 N. Y., 96; 20 Ency., 793; 2 N. & McC., 168; 11 Rich. Eq., 447; 5 S. C., 136.

*Messrs. Henderson,* contra, cite: *Possession of a small patch in a large territory will not give possession to whole:* Dud., 179; 1 McM., 357; Code of Proc., 103-5. *Certified copy of improperly recorded deed is not admissible in evi-*

*dence:* 22 S. C., 337; 1 Ency., 493; 21 Ency., 568; 26 Am. St. R., 798; 24 S. E., 899.

March 17, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was begun sometime in June, 1903, for partition of about five hundred acres of land in Aiken County amongst the heirs-at-law of Elizabeth Garvin (deceased). Her husband, Wesley Garvin, was originally a party, but has since died. The heirs-at-law of Elizabeth were the said Wesley Garvin and her six children, Ella Whetstone, wife of Press Whetstone; Ellen Watts, wife of Thomas Watts; Joseph A. Garvin, Elestine Catharine Garvin, Robert Garvin and William Garvin, the two last being minors who appeared by their guardian *ad litem.* The defendant, Ella Whetstone, departed this life intestate, leaving as her heirs Press Whetstone, her husband, and her two children, Lloyd Whetstone and Samuel Whetstone, both of whom are minors.

The two minors Lloyd Whetstone and Samuel Whetstone were made defendants.

The defendant, John Garvin, died intestate, and his heirs-at-law, Nancy Garvin, James C. Garvin, J. Felder Garvin, Jacob Aaron Garvin, Sarah Ann Garvin and Emma Courtney and Charles L. Temples, were made parties defendant.

By agreement of the parties, it was referred to W. M. Jordan, master for Aiken County, to take all relevant testimony offered by the respective parties, and report said testimony and any special matter. The testimony was so reported.

The cause came on to be heard by his Honor, George W. Gage, and by his decree, filed the 23d of January, 1907, he found that the plaintiffs were not entitled to the relief which they demanded and dismissed the complaint.

From the decree the plaintiffs and the defendants, Lloyd Whetstone and Samuel Whetstone, have appealed to this Court.

The questions raised by the appeal will be considered. It seems that the two brothers, Robert Garvin and John Garvin, both citizens of Aiken County, have had a very unpleasant family lawsuit. See *Garvin* v. *Garvin,* 27 S. C., 472, 4 S. E., 148; *Garvin* v. *Garvin,* 31 S. C., 581, 10 S. E., 507; *Garvin* v. *Garvin,* 34 S. C., 389, 13 S. E., 625, and *Garvin* v. *Garvin,* 40 S. C., 435, 19 S. E., 79. Both of them having died, the contest has been carried on by their children. It refers, so far as this suit is concerned, to a tract of land of five hundred acres in Aiken County on the waters of Cedar Creek and South Edisto River, and bounded now or formerly on the north by lands of H. Ott, east by lands of Carson Davis, south by lands of T. Friday, and west by lands of Franklin Johnson.

It seems that the tract of land was sold as the property of Robert Garvin, by Holly, sheriff of Aiken County, under a judgment held by one Fox, and purchased at sheriff's sale by John Garvin. It is admitted on all sides that this was a valid lien upon said lands and the oldest of said liens, and by said purchase at said sheriff's sale, John Garvin got a paper title to said land; these facts were so found by the Circuit Judge, and from this conclusion there is no appeal.

But it is claimed that the deed from Robert Garvin to his daughter, Elizabeth Garvin, for the five hundred acres of land was and is a valid title to her heirs-at-law, parties to this suit. The Judge holds that such is not the fact; first, because the deed from Robert Garvin to Elizabeth Garvin was not proved as required by law. It was sought to prove the deed by a certified copy of the record of mesne conveyance, which is no record. It being an effort to prove the existence of a deed by the proof of a probate of said deed made by one of its witnesses taken before the grantor as a notary public. The Judge holds that such proof was improper, and refers to the case of *Woolfolk* v. *Graniteville Manufacturing Company,* 22 S. C., 332.

It seems that Robert Garvin, who made the deed in question, was a notary public, and as such notary certified that

one Garvin, on oath, declared that he saw the deed signed, sealed and executed, and that the register of mesne conveyances of Aiken County upon the face of said certificate made record of said deed, and that a certified copy of said deed was the only evidence offered of such deed. The Judge held, as just stated, that the probate of such deed was unlawful, and did not entitle the deed to be recorded; and therefore no color of title was furnished by it. In addition to the case *supra*, we cite from 21 Enc. of L., 2d Ed., 568, which says: "A notary who is a party to or interested in a conveyance is incapable of taking the acknowledgment thereof to the same extent that any other officer would be incapable under similar circumstances."

If there was no lawful record to the deed no notice to the world was imparted thereby, so John Garvin and his assignees were not affected by said deed. But in addition to the weakness of appellants' title, it was contended that Robert Garvin's conveyance to his daughter was without valuable consideration and would not impart color of title to her heirs.

It was further contended that the appellants had not possession of the entire premises in dispute; all they claimed was a "possession patch" of less than one acre.

The said Elizabeth never lived on the land but resided nine miles away, and none of her heirs or assigns have lived upon it.

The Circuit Judge, therefore, found as facts that the testimony as to possession and acts of dominion were too meagre to warrant the concluson that Elizabeth and her representatives ever owned the land, or were entitled to claim any part of it.

Let the exceptions be reported. We overrule each and every one of them, because this is a law case and the facts found by the Circuit Judge are conclusive upon us, and his positions of law are entirely satisfactory.

We, therefore, affirm the judgment of the Circuit Court.