## 9616

### J. W. DILLON & SON CO. v. OLIVER *ET AL.*

(91 S. E. 604.)

1. DEEDS—REGISTRY—PURPOSE.—The registry of a deed is a matter entirely different from its proof; the principal object being to affect third parties with notice.

2. ACKNOWLEDGMENT—MORTGAGES—STATUTE.—The requirement of Civ. Code 1912, sec. 1352, that a deed or mortgage be probated before it is recorded is to secure the authenticity of the instrument.

3. CHATTEL MORTGAGES — RECORD — INTEREST OF WITNESS.—Under Civ. Code 1912, sec. 1352, providing that before any deed or other instrument in writing can be recorded the execution shall be proved by the affidavit of a subscribing witness and the proof recorded with the instrument, the fact that the subscribing witness to a chattel mortgage who made the affidavit for record was a member of the mortgagee firm does not affect the operation of the record as notice, where the interest of the witness does not appear on the face of the record.

Before SHIPP, J., Dillon, Spring term, 1916.   Affirmed.

Action by J. W. Dillon & Son Company against J. S. Oliver and another.   From a judgment for defendants, plaintiff appeals.

*Messrs. Sellers & Moore,* for appellant, submit: *A chattel mortgage which is witnessed only by one of the mortgagees and probated on the affidavit of such witness is not*

FOOTNOTE.—As to disqualification of a stockholder or officer of a corporation to take an acknowledgment of a deed, see notes in Ann. Cas. 1916d, 705, 16 A. &. E. Ann. Cas. 140, Ann. Cas. 1913d, 373, 23 L. R. A. (N. S.) 1075, 41 L. R. A. (N. S.) 375.   Record of deed so acknowledged as notice, 23 L. R. A. (N. S.) 1077, 41 L. R. A. (N. S.) 376.   Right of interested parties to take acknowledgment, see notes in 33 L. R. A. 332.

*entitled to be recorded:* Sec. 1352, Code of Laws of S. C., 1912; 27 S. C. 262; 79 S. C. 361; 22 S. C. 332; 21st Encl. of Law (2d ed.) 568; 46 L. R. A. 721; 50 N. E. 437; 90 S. C. 470; Ann. Cas. 1913b, 1073, and note; 8 Conn.; 21 Am. Dec. 695. *The mere copying upon the book of record of a chattel mortgage which for lack of proper attestation or execution is not entitled to record, is of no effect and does not operate as constructive notice under the recording acts:* 39 S. C. 84; 10 Rich. Eq. 149; 23 S. C. 382; 99 S. C. 310; Ann. Cas. 1913b, 1070, and note. *Distinction between latent defect or irregularity in the acknowledgment of an instrument, and a defective execution and failure to attest:* Jones on Mortgages, vol. I, secs. 532 and 533; 21 Am. Dec. 701; Ann. Cas. 1913b, 1073, and note. *The mere copying upon the book of record of a chattel mortgage which for lack of proper execution, attestation or probate is not entitled to record is of no effect and does not operate as constructive notice under our recording acts:* 39 S. C. 77; 79 S. C. 361; 22 S. C. 332; 27 S. C. 262; 10 Rich. Eq. 149; 23 S. C. 382; 99 S. C. 310; Ann Cas. 1913b, 1070, and note. *That a mortgagee in a chattel mortgage cannot witness the mortgage, and where such mortgagee is the only witness the paper cannot be probated, and is therefore not entitled to record:* 1 Jones Mtges., secs. 532, 533; 79 S. C. 361; 22 S. C. 332; 21st Encl. of Law (2d ed.) 568; 6 Cyc. 1006; 46 L. R. A. 721; 50 N. E. 437 (58 Ohio St. 86); 79 Ala. 49; 18 So. 312; 98 Ky. 643; 33 S. W. 1119; 2 N. H. 440; Ann. Cas. 1913b, 1073 (note); 87 Iowa 363; 20 Iowa 251; 8 Conn.; 21 Am. Dec. 695; 90 S. C. 470.

*Mr. J. P. Lane,* for respondent, cites: *As to validity of probate:* 1 Cyc. 530; 1 Corpus Juris. 773, 803, par. 55; 1 R. C. L., pp. 263, 265, 269-270, 274, 273; 52 N. C. 337; 27 S. C. 265; 61 S. C. 113. *Mortgage unquestioned:* 23 S. C. 382; 7 Rich. 509; 99 S. C. 316.

February 10, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The question herein arises under the recording statutes. On the 7th day of February, 1914, H. C. Cook executed a mortgage on certain personal property in favor of the J. S. Oliver Company, a partnership composed of J. S. Oliver and L. M. Oliver, doing a general mercantile business. L. M. Oliver was the managing partner, and he subscribed his name as a witness to the execution of said mortgage, which was recorded on the 16th day of March, 1914. On the 30th day of March, 1914, H. C. Cook executed another mortgage on said personal property in favor of the plaintiff, J. W. Dillon & Son Company, which was recorded on the 4th day of April, 1914. For the purpose of recording the mortgage of J. S. Oliver & Co., L. M. Oliver made an affidavit as to its execution. It does not appear upon the face of the mortgage that L. M. Oliver was a partner, or that he had any interest whatever in the partnership.

His Honor, the Circuit Judge, ruled that, where the defect is not apparent upon the face of the paper, it is entitled to be recorded, and, when so recorded, is constructive notice to those dealing with the property. In accordance with this ruling, he rendered judgment in favor of J. S. Oliver & Co., and the plaintiff appealed. The sole question is whether said ruling was erroneous.

Section 1352 of the Code of Laws of 1912, provides, that:

"Before any deed or other instrument in writing can be recorded in this State, the execution thereof shall be first proved by the affidavit of a subscribing witness to said instrument, taken before some officer within this State competent to administer an oath; * * * the proof in every case to be recorded with the instrument."

The registry of a deed is a matter entirely different from its proof; the principal object being to affect third parties with notice. *Woolfolk* v. *Graniteville Man. Co.,* 22 S. C. 332.

The requirement that the deed or mortgage should be probated is for the purpose of securing the authenticity of the instrument before it is recorded. 8 M. A. L. 324.

"Undoubtedly it is unwise and contrary to public policy, for an officer to take an acknowledgment to any instrument to which he is a party, or in which he is interested directly or indirectly. In any event he should be disinterested and entirely impartial as between the parties. But arbitrarily to declare his act *ipso facto* void is repugnant to sound principles of the law of evidence, and in many cases must be productive of great hardship and injury. A more salutary rule declares that, where there is no imputation or charge of improper conduct or bad faith or undue advantage, the mere fact that the acknowledgment was taken before an interested officer will not vitiate the ceremony or render it void, if otherwise it is free from objection or criticism. The fact of interest, however, ought to be regarded with suspicion and should provoke vigilance to detect the presence of unfair dealing, the slightest appearance of which the party seeking to uphold the acknowledgment should be required to clear away. Nor is this view inharmonious with the theory that the officer acts judicially, inasmuch as the acts of interested Judges are not nullities and *per se* void." 1 R. C. L. 270; *Ex parte Hilton,* 64 S. C. 201, 41 S. E. 978, 92 Am. St. Rep. 800.

"Where it does not appear from the face of the instrument or otherwise that the officer taking the acknowledgment is disqualified to act by reason of interest, the instrument, according to the better rule, is entitled to be recorded, and such record becomes effectual as constructive notice to subsequent purchasers, creditors, or incumbrances, although

authority to the contrary is not wholly lacking. The acknowledgment being regular and fair on its face, no hidden interest of the officer should be permitted to impeach its validity. This is in accord with the policy of the registry .acts, inasmuch as the public records would be rendered unreliable if extraneous proof of undisclosed interest were admissible to avoid acknowledgments. It is safe to say that less injury can flow from this rule than from the contrary doctrine." 1 R. C. L. 273, 274; 1 Corpus Juris. 773, 803.

The same doctrine is applicable when the defect in the probate of the instrument arises from the fact that the subscribing witness is incompetent by reason of interest.

The foregoing principles are fully sustained by reason and the weight of authority. The appellant, however, contends that such is not the rule in this State, and relies principally upon the cases of *Woolfolk* v. *Graniteville Man. Co.*, 22 S. C. 332, and *Watts* v. *Whetstone*, 79 S. C. 357, 60 S. E. 703.

In the first mentioned case it was held that a deed executed in South Carolina and probated before a magistrate in Georgia was not properly probated, and that its record did not operate as constructive notice. That case, however, is not decisive of the question under consideration, for the reason that the defect appeared upon the face of the record.

In the other case the Court ruled that the affidavit of a subscribing witness to the deed was defective in form, and did not entitle the deed to record, for the reason that the witness made the affidavit before the grantor as a notary public. The defect in the last mentioned case also appeared upon the face of the record, and therefore does not control the present question.

In the case of *Brayton* v. *Beall*, 73 S. C. 308, 53 S. E. 641, it was held that the record of a chattel mortgage executed by the real owner under a name by which he is known and recognized in the community ·is constructive notice to

a subsequent mortgagee from the same person on the same property under another name by which the owner is also known and recognized in the community. After stating the facts Mr. Chief Justice Jones, who delivered the opinion of the Court, said:

"The real question of law * * * is whether under such circumstances the record of Brayton's mortgage given by R. C. McKenzie was constructive notice to Beall when he took a subsequent mortgage from the same individual on the same property under another name by which he was known in the community, to wit, W. A. McKenzie. The rule as to constructive notice is thus stated in *Black* v. *Childs,* 14 S. C. 312: 'If there are circumstances sufficient to put a party upon the inquiry, he is held to have notice of everything which that inquiry, properly conducted, would certainly disclose; but constructive notice goes no further. It stands upon the principle that the party is bound to the exercise of due diligence, and is assumed to have the knowledge to which that diligence would lead him; but he is not held to have notice of matter which lies beyond the range of that inquiry, and which that diligence might not disclose. "There must appear to be, in the nature of the case, such a connection between the facts disclosed and the further facts to be discovered that the former could justly be viewed as furnishing a clue to the latter." ' "

It will be observed that the record in that case was more or less misleading by reason of the fact that the mortgagor signed a different name in executing the two mortgages; yet the Court held that the record of the first mortgage was constructive notice to the second mortgagee.

In the case now under consideration there is a stronger reason why the record should be held to be constructive notice, to wit, the fact that the record appeared upon its face to be free from defects of every kind.

In the case of *Timber Co.* v. *Holden* 90 S. C. 470, 73 S. E. 869, it was said:

"Even between the parties to the deed, the fact that one of the subscribing witnesses had an indirect interest in the transaction, such as the commissions due a real estate agent, * * * would not make him incompetent, as he had no interest in the land itself."

It would lead to indeterminable confusion if a record which appeared upon its face to be free from any defect whatever should be prevented from operating as constructive notice, by reason of the fact that the interest of a subscribing witness might be construed to be direct instead of indirect.

Judgment affirmed.