## 10152

### ARTHUR v. HOLLOWELL.

#### (98 S. E. 202.)

1. DEEDS—RECORDATION—WITNESSES.—A deed, which was in fact witnessed by two witnesses was properly recorded; the record hinging on the fact that it was so witnessed.

2. ACKNOWLEDGMENT—VALIDITY OF RECORD—CLERICAL OMISSION.—Where deed was in fact witnessed by two witnesses, the mere fact that the notary omitted to declare in the probate that one of the witnesses was also present at the execution was not sufficient to invalidate the record, notwithstanding 17 Stats. 319, requiring, before recording, execution to be proved by a subscribing witness and Civ. Code 1912, sec. 3453, as to execution.

3. EVIDENCE—PRESUMPTION—PERFORMANCE OF DUTY—NOTARY.—Where notary omitted to declare in probate to deed that one of the witnesses was present at the execution, it will be presumed that notary did what he was required to do, and took proof that witness was also present, and that he only failed by oversight to state that fact in the record he made of the transaction.

Before PEURIFOY, J., Richland, Fall term, 1917. Affirmed.

Action by Anne Moore Arthur against R. L. Hollowell. From order sustaining plaintiff's demurrer to defendant's answer, defendant appeals.

*Mr. Robert Moorman,* for appellant, submits: *The execution of the deed was not legally proven so as to entitle it to*

*registry:* Civil Code 1912, section 3453; Cheves 272; 1 McMullen 373; 29 S. C. 170. *If not legally proven, record of a deed is not notice to subsequent creditors and purchasers without notice:* 22 S. C. 337; 22 S. C. 332.

*Messrs. Weston & Aycock,* for respondent, submit: *That the clerical error complained of is cured by reference to the deed:* 108 Am. State Reports 525, 530, 534, 539.

February 4, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

There is but one issue in the cause, and that of law. The defendant objects to taking the title tendered him by the plaintiff simply because a deed which constitutes a link in plaintiff's chain of title was put upon the record without warrant of law, and, therefore, was not notice to creditors of that conveyor. The defect in the deed suggested by counsel is that the probate of it was insufficient to have warranted the register of mesne conveyance to record it. The deed was executed by McNulty and Owens to Arthur, and the names of David and Feagan are put down as witnesses to the transaction. The probate runs thus:

"State of South Carolina, Richland County. Personally appeared before me, Aaron David, and made oath that he saw the within named W. E. McNulty and L. B. Owens sign, seal, and, as their act and deed, deliver the within written deed for the uses and purposes herein mentioned, and that he with —— witnessed the execution thereof. Aaron David. Sworn to before me this 31st day of December, 1913. T. E. Eskew (L. S.), Notary Public for So. Ca."

The indicated defect in the probate is the supposed failure of David to have sworn that he witnessed the execution *with Feagan.* That inference arises simply out of the omission of the notary to insert Feagan's name in the space left blank for it. Of course, it required the use of a microscope

to detect such an omission; and that suggests that the omission ought not to be counted of serious import.

There is no suggestion that there were not in fact two witnesses to the transaction; indeed, the defendant, who sets up the defect, alleges in the answer that the deed in question was "executed by McNulty and Owens, whose signatures are attested by David and Feagan as witnesses thereto." If the deed was in fact so witnessed by David and Feagan, then, of course, it was properly recorded, for record hinged on that fact. The only object the legislature had in requiring before the record of it some proof that the instrument was what it seemed on its face to be was "for preventing of fraud." The statutes so declare. 7 St. at Large, p. 232, par. 45.

And so solicitous was the legislature in those early days about the integrity of the transaction that the statute required "proof of the signing, sealing and delivery thereof, to be made in *open Court* by the oath of *two creditable witnesses at the least.*" (The italics are supplied.) Same citation. That was in 1785; but in 1839 the legislature relaxed the procedure, and provided that:

"The execution of every such writing shall first be proved by affidavit of a· *subscribing witness* taken before some *officer competent to administer an oath.*" 11 Stats. 80. (The italics are supplied.)

The act of 1880 prescribed a like procedure. 17 St. at Large, p. 319.

The statute of 1880 does not prescribe the form and words of the probate; that is the work of practice through long years, and it ought to be adhered to. But the statute does prescribe how the deed shall be executed; it shall be signed, a seal indicated, and "in the presence of and be subscribed by two or more creditable witnesses." Section 3453, Civil Code.

Reverting to the recording statute of 1880, *supra,* it requires the execution (above described) shall be proved by

a subscribing witness before the deed shall go on record. Plainly the subscribing witness who shall make the oath must swear to the whole execution, which is that the maker signed, and that each witness signed. But it would shock the judgment to conclude that such a manifestly clerical omission as was clearly made in the instant case by the notary should invalidate the record of a deed.

The probate is not the transaction, but only some evidence of it. If two credible persons witnessed the signing, sealing, and delivering by the maker, and the answer alleges they did, then the law is satisfied; the deed is genuine, and was entitled to be recorded. The omission of the notary to accurately state in the probate the whole transaction, by the failure to declare in it that Feagan also was present at the execution, is not sufficient to invalidate the record. The presumption is that the notary did what he was required by law to do, that he took proof that Feagan was also present, and that he only failed by oversight to state that fact in the record he made of the transaction.

We find no case in our books on the exact issue. These cases cited by the appellant from our reports are in no wise inconsistent with the conclusions we have announced.

The order below is affirmed.