## MAITLAND v. REPUBLIC REFINING CO. et al.

No. 13039—Opinion Filed March 24, 1925.

Chattel Mortgages—Defective Certificate of Acknowledgment — Filing not Constructive Notice.

The two essential requisites to the validity of the certificate to a chattel mortgage are the identity of the party who executed the instrument and that he did in fact acknowledge it; and where the certificate is a mere jurat of a notary public and such jurat fails to show who swore to the instrument or who appeared before the officer and acknowledged the instrument, it is fatally defective, and the recording of the instrument will not impart constructive notice to the bona fide purchasers without actual notice of the rights claimed under such instrument.

(Syllabus by Pinkham, C.)

Commissoners' Opinion, Division No. 5.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by A. E. Maitland against the Republic Refining Company, Jas. D. McMahon and Federal Refining Company. From judgment in favor of defendant Republic Refining Company, plaintiff brings error. Affirmed.

Walter Mathews, for plaintiff in error.

Randolph, Haver & Shirk, and H. M. Gray, for defendants in error.

Opinion by PINKHAM, C. This action was instituted by the plaintiff in error, as plaintiff, against the defendants in error, as defendants, to foreclose a certain instrument as a chattel mortgage.

The case was tried to the court upon an agreed statement of facts.

It appears that the plaintiff sold to the defendants J. D. McMahon and Federal Refining Company, a corporation, certain oil refinery stills and a boiler, and to secure certain payments took an instrument, termed "order and purchase agreement," and which instrument is termed by plaintiff and conceded by the defendant Republic Refining Company to be a chattel mortgage, the stills and boiler to be installed in the refinery of the defendant Federal Refining Company, at Jennings, Okla.

This instrument was signed by the Federal Refining Company, by Jas. D. McMahon, and also signed by Jas. D. McMahon.

Thereafter the refinery was sold by the Federal Refining Company to one W. E. Sherbondy for a valuable consideration then and there paid, and thereafter, by mesne conveyances, came into possession of the defendant Republic Refining Company, which now owns the same.

The purchasers of the refinery, the Republic Refining Company, had no actual notice that the plaintiff had any claim against the property of any kind or character.

There are no acknowledging witnesses on the instrument, the essential parts of which necessary to be considered are as follows:

"To secure the balance of the purchase price remaining unpaid the first party hereby mortgages said above described property (which is chattels) to second party on these conditions, that if the first party pay to the second party the sum hereinbefore set forth * * * when the same shall become due, then this mortgage agreement shall be void and of no effect.

"In witness whereof the first party have hereunto set their hands, this 17th day of March, 1917.

"Federal Ref. Co.
"by Jas. D. McMahon,
and Jas. D. McMahon.
"Salesman AEM
"Approved by
"Joplin Machinery & Renting Co.
"By _____. Mgr.
"County of Pawnee, State of Oklahoma, ss.
"Subscribed and sworn to before me this 6th day of June, 1917.

"(Seal)       B. A. McFarland, N. P. "My commission expires October 24, 1919."

The trial court concluded as a matter of law that the chattel mortgage in question was not executed by being witnessed by two witnesses or acknowledged as required by the statute, and that the mere filing of it constituted no notice either to prior or subsequent creditors, and except as between the parties to it was worthless, and judgment was entered in favor of the defendant Republic Refining Company, there being no question as to the right of plaintiff to judgment against the Federal Refining Company and Jas. D. McMahon.

For reversal of the judgment counsel for plaintiff contends that the court erred: First, in holding and deciding that the instrument sued upon as a chattel mortgage was insufficiently acknowledged to entitle it to be placed of record as such; second, in holding and deciding that the recording and filing of such instrument was insufficient to give the defendant, a bona fide purchaser for value, and without actual knowledge, constructive notice of the existence of such chattel mortgage.

It will be seen that the only question for determination in this case is whether the jurat of the notary public is sufficient on its face as a certificate of acknowledgment to a chattel mortgage.

It is contended by plaintiff that this is a sufficient acknowledgment under the statute.

There are two essential matters to which an officer must direct his attention in taking an acknowledgment. They are: Identity of the person appearing before him as the person described in and who executed the instrument; and his unequivocal acknowledgment that he executed the instrument as his act and deed. 1 C. J. 815; Barnard v. Schuler, 100 Minn. 289.

In Herron v. Harbour, 75 Okla. 127, 182 Pac. 243, it is said:

"The two essential averments to the validity of the certificate are the identity of the party who executed the instrument and that he did, in fact, acknowledge it."

In the same case it is said that the acknowledgment statutes are mandatory.

Section 7655, Comp. Stat. 1921, is as follows:

"A mortgage of personal property must be signed by the mortgagor. Such signature may either be attested by acknowledgments before any person authorized to take acknowledgments of deeds or it may be signed and validated by the signature of two persons not interested therein. Mortgages signed in the presence of two witnesses or acknowledged before an officer, as herein provided, shall be duly admitted of record."

It is contended that this statute provides no form of an acknowledgment of chattel mortgages. It is sufficient to say that section 7655, supra, provides that the signature of the mortgagor may either be attested by acknowledgment or it may be signed and validated by two persons not interested therein. It is clear that the instrument was not witnessed by any person and it is, we think, equally clear that the notary's jurat did not constitute an acknowledgment.

Our statute on conveyances, section 5276, Comp. Stat. 1921, provides the form of acknowledgment of instruments affecting real estate.

The form of acknowledgment therein contained must in all instances show the person appearing and acknowledging the instrument was known to the officer to be the identical person who executed the above and foregoing instrument.

In 1 C. J. 816 it is said:

"Where it is provided by statute that a declaration of adoption should be acknowledged but no form of acknowledgment is prescribed, the acknowledgment provided for ordinary conveyances may be followed. Abney v. De Loach, 84 Ala. 393, 4 South. 757."

The verification clause attached to the chattel mortgage in the instant case fails, we think, to show either who executed the instrument or who verified it, inasmuch as the verification clause does not state the person by whom it was verified.

It has been held in many decisions that the failure of the certificate to show that the person who appeared before the officer and acknowledged the instrument was the one who executed it is a fatal defect. Powers v. Hatter, 152 Ala. 636, 44 South. 859; Bell v. Evans, 10 Iowa, 353; Smith v. Hunt, 13 Ohio, 260, 42 Am. Dec. 201; Wood v. Cochran, 39 Vt. 544.

In the last case cited it is said:

"The certificate of the magistrate of the acknowledgment of a deed is an independent instrument, complete and perfect in itself; it is no part of the deed; it is no act of the parties. It is attached to the deed and it is necessary to give such deed full effect in certain respects."

In the cases cited the certificate showed the individual making the acknowledgment.

In the instant case, even if an affidavit could be regarded as an acknowledgment, the verification clause fails to show who swore to the instrument.

The instrument was signed by Federal Refining Company, by Jas. D. McMahon, and by Jas. D. McMahon, and also bore the signature of AEM, meaning, we must infer, A. E. Maitland, the plaintiff.

In 1 C. J. 851, it is said:

"Usually the statutes require the officer to certify that the person making the acknowledgment was to him, personally known or proved on satisfactory evidence to be the individual who executed the instrument. Under such a statute a certificate which fails to show in some way that the acknowledger was known to the officer is fatally defective."

It is undoubtedly well settled that a substantial compliance with an acknowledgment statute is all that is required, but we are unable to say that the verification to the chattel mortgage in question can be held to be sufficient as an acknowledgment in view of the acknowledgment statutes and decided cases.

That the instrument was not attested by an acknowledgment sufficient to authorize its being filed for record so as to be notice to subsequent purchasers we think it clear from an examination of the instrument in question.

The chattel mortgage in question, not being executed by being witnessed by two witnesses or acknowledged as required by law, the mere filing of it constituted no notice to subsequent bona fide purchasers for value; the record of the same did not constitute constructive notice, and we conclude the defendant Republic Refining Company took the property free from any claim upon the part of the plaintiff.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 1 C. J. pp. 815, 851, 11 C. J. p. 540; 5 R. C. L. 394.