O'BANION v. MORRIS PLAN INDUSTRIAL BANK.

No. 33160.   Dec. 7, 1948.

Rehearing Denied April 12, 1949.

*204 P. 2d 872.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Washington & Thompson, of Oklahoma City, for defendant in error.

CORN, J. This action was instituted to recover damages from defendant for conversion of an automobile, together with expenses necessarily incurred in locating the car after its removal by the original purchaser from the State of Kentucky and subsequent sale to defendant herein.

July 7, 1945, one Nash purchased the automobile from the King Motor Sales in Louisville, Ky., and executed a conditional sales contract for $559.08 covering the balance due upon the purchase price. The same day this contract was assigned to plaintiff herein. Acknowledgment of the purchaser's (mortgagor's) signature, as well as the assignment of the contract to plaintiff by a member of the King Auto Sales firm, both were taken at that time by the same notary public. The contract, on the reverse side of which bore the assignment to plaintiff, was filed for record in the office of the clerk of the county court of Jefferson county, Kentucky, on July 12, 1945, although the petition alleged filing thereof in the office of the county clerk.

The purchaser thereafter removed the car from that state and it was purchased by defendant herein, who took title in his own name. Upon the purchaser's default in making payments plaintiff employed an agency to trace and locate this car and eventually it was learned that defendant had purchased the car, secured an Oklahoma title and resold the car. Demand was made upon him for return of the car or the price thereof and upon his refusal to comply plaintiff brought suit to recover the unpaid balance due upon the contract, together with the sum of $150 necessary expense incurred in tracing and locating the automobile.

Plaintiff's verified petition substantially alleged the foregoing facts. Defendant's demurrer was overruled and he thereafter filed an unverified answer in the form of a general denial. Upon the issues thus formed the matter was tried to a jury, and a verdict was returned in favor of plaintiff for $719.08, whereupon plaintiff filed remittitur of $10 and judgment then was entered for plaintiff in accordance with the jury's verdict.

The assignments of error are presented under two propositions, the first of which is that the trial court erred in admitting certain evidence, and in not sustaining defendant's demurrer to plaintiff's evidence. The argument in support of this proposition is presented

under four contentions, it being contended first that the mortgage (conditional sales contract) was filed in the court clerk's office in Kentucky and did not constitute constructive notice to defendant. The petition alleged the contract was filed in the office of the county clerk. The exhibits show that it was filed with the clerk of the county court. Defendant argues that in case of a variance between the allegations of the petition and an exhibit thereto attached, the exhibit controls. Defendant then says that where the laws of another state are neither pleaded nor proved, then the law of such state is presumed to be the same as the law of Oklahoma. Upon this argument defendant urges that since our law requires the filing of mortgages with the county clerk in order to impart constructive notice, the filing of the contract herein considered with the clerk of the county court was not sufficient compliance with our constructive notice statute and no notice was imported to defendant.

The Kentucky Constitution provides for offices of certain officials in each county, among whom is the county court clerk. There is no provision for the office of county clerk.

Carroll's Kentucky Statutes, Ann. (1930) §495, in part provides:

"All deeds and mortgages and other instruments of writing which are required by law to be recorded to be effectual against purchasers without notice, or creditors, *shall be recorded* in the clerk's office of the court of the county in which the property conveyed, or the greater part thereof, shall be."

The Kentucky Revised Statutes, 1944 (2d. Ed.) §382.300, provides that:

"Every *county clerk* shall record all deeds, mortgages and powers of attorney that are lodged for record, properly certified, or that are acknowledged or proved before him as required by law."

. While numerous other sections of the Kentucky statutes make reference to the county clerk, the fact remains that the officer thereby referred to is the clerk of the county court and the duties enumerated in the statute are to be discharged by the clerk of the county court, the statutes contemplating that this officer discharge the duties of the county clerk.

Since the contract in question was recorded properly in that state, although the recording officer was designated by a different name than the comparable officer in this state, we think defendant's argument that the recordation of the contract in Kentucky imparted no notice to defendant, because it could not have been received for filing by such named officer in this state, is without substantial merit. Plaintiff's failure to plead and prove that the laws of Kentucky required filing of the contract with the county court clerk will not be considered a fatal defect where it affirmatively appears that such officer was the proper official to receive and record the instrument.

Defendant next contends the assignment to plaintiff was insufficient to give defendant constructive notice of plaintiff's claim because the assignment was not entitled to be filed for record. The basis for this argument is the fact that when the assignment of the contract was made to plaintiff, there was a failure to name the member or officer of the King Auto Sales who delivered the instrument to the notary public as assignor, acknowledging same as the assignor's voluntary act.

Defendant insists that the certificate of acknowledgment must actually disclose the identity of the person acknowledging, and that such party executed the instrument. Cited and relied upon as supporting this view is Maitland v. Republic Refg. Co., 109 Okla. 55, 234 P. 754. One distinguishing feature worthy of note between this case and the matter now under consideration is that in the Maitland case the recitation was that the instrument was signed March 17, 1917. The purported

acknowledgment was dated July 6, 1917, and there was nothing tending to indicate that anyone appeared before the notary to acknowledge the instrument for any purpose.

Herein a different situation prevailed. The assignment was upon a form provided for the purpose upon the reverse side of the contract. The same notary took the purchaser's acknowledgment, the contract also being executed by one Arnold, for King Auto Sales, in the notary's presence. The assignment was executed by the same person as a member of the firm, and the same notary acknowledged his signature the same day as the acknowledgment taken on the face of the contract. The alleged fatal defect was in the notary's failure to insert in the body of the acknowledgment the name of the person appearing before the notary as the assignor.

It is generally true that where the name of the person making the acknowledgment is omitted in the certificate, without a showing such person was grantor therein, the certificate is considered fatally defective. 1 C. J. Acknowledgments, §188-189 (bb). In 1 Am. Jur. Acknowledgments, §118, is found the following statement:

"§118. Omission of Name.—It is customary, in the execution of certificates of acknowledgment, to state that the party who executed the instrument, naming him, appeared before the officer, and it has been supposed, even, that the omission of the name is a fatal defect. However, such is not the view accepted by the great weight of modern authority. It is now well established that an omission of the name of the acknowledging party—an omission usually due to a neglect to insert the name in the blank space provided for the purpose—may be disregarded unless such omission leaves uncertain the identity of the person making the acknowledgment with the person executing the instrument. Such an omission does not render the record of the instrument less efficacious. The name of the party, in accordance with a general principle, may be ascertained and supplied by reference to the instrument acknowledged."

See, also, authorities cited in footnotes supporting this view.

The circumstances surrounding execution and acknowledgment of this contract negative the idea that the party acknowledging the instrument was someone other than the party executing same. We are of the opinion that the two essentials as to validity of the certificate, to wit: (1) identity of the party executing the instrument; and (2) that such person did, in fact, acknowledge it, were sufficiently satisfied. The certificate sufficiently reflects that the assignor produced the contract before the notary and acknowledged same to be the assignor's voluntary act.

Defendant next contends that this mortgage was not properly authenticated and that it was error to admit this instrument into evidence. A photostatic copy of the mortgage was admitted in evidence, showing upon its face to have been recorded as a chattel mortgage, properly filed and certified to by the county court clerk as having been filed in his office.

Defendant cites and relies upon certain cases from this jurisdiction, and 12 O. S. 1941 §485, to the effect that foreign court records can only be admitted when properly authenticated in conformity with the provisions of our statutes. See Baker v. Farmer's, etc., Bank, 117 Okla. 93, 245 P. 555. Contrary to this, plaintiff insists that this was an instrument required by law to be recorded and that a duly certified copy, under the officer's official seal, is admissible in evidence with the same effect as the original. See 12 O. S. 1941 §486.

We believe it unnecessary to consider the question upon this basis, other than to point out that no issue was made by defendant as to execution of the mortgage. Execution of the instrument being admitted, it was not error to admit the certified copy in evidence.

The final subdivision of argument under defendant's first proposition is that plaintiff failed to prove that the mortgage was filed in the county where the property was situated, and defendant relied upon recent decisions to the effect that a chattel mortgage must be filed where the mortgaged property is situated and this is a question of fact. See Burke v. First Nat. Bank, 197 Okla. 52, 168 P. 2d 285.

The evidence showed that Nash bought the car in Louisville, Ky., and executed the conditional sale contract. No address is shown upon the face of the contract as showing his residence. However, there was testimony that mail to his last known address was returned. Plaintiff's evidence also was that a personal call was made in an effort to get in touch with the purchaser. Admitting that such evidence was not of the most convincing type, nevertheless, such evidence and the inferences deducible therefrom was sufficient to establish the presence of the car, for a brief time, in the county where the mortgage was filed. Especially is this true in the absence of any evidence to the contrary.

Defendant's second contention is that the trial court erred by failing to instruct the jury as to the proper measure of damages. The trial court gave the following instruction:

"You are, therefore, instructed that if you find by a preponderance of the evidence in this case that the defendant purchased the automobile in question subsequent to or after the time the conditional sales contract was filed of record, then the defendant would have constructive notice of the mortgagee's lien, and your verdict should be for the plaintiff for such amount as you find from the evidence was the value of the automobile in question at the time of the conversion, with interest from that time, plus such amount as you find from the evidence is a fair compensation for the time and money properly expended in pursuit of the property, not to exceed the total sum of $719.08, the amount sued for herein."

Defendant urges that under this instruction the jury could have ignored the claim for necessary expenditures and returned their verdict for the entire amount as the value of the car, the amount of plaintiff's lien not being considered.

The testimony established the balance due on the amount of the mortgage was $559.08. One witness testified the car was reasonably worth $725 at the time of the conversion. Another witness, who saw the car in Oklahoma about a year after the conversion, basing his judgment upon his familiarity with used cars, and also using as a basis his price and guide book, set the value of the car at from $725 to $750. The rules of the Office of Price Administration were in effect at the time of the conversion. Using the OPA figures this witness established the value of the car as $585 on the "as is" basis, or a warranty price of $731. Defendant's sale records, introduced in evidence, revealed that defendant's trade-in allowance on the car was $581, and that the car was sold by defendant for $726.

The evidence concerning the necessary expenditures in locating this car established that plaintiff employed investigators specializing in this field.

The witness who testified established his familiarity with reasonable charges for such services. The amount claimed by plaintiff was less than the amount charged for locating the car.

Under the instruction given the jury could consider the value of the car at the time of the conversion. From the evidence the mortgage lien was shown to be $559.08. There was sufficient evidence upon which the jury could fix the necessary expenditures in locating the car. The instruction limited the total amount the jury could find to the amount of the mortgage lien plus $150 expenses, and we are unable to say that the instruction given misled the jury in any manner. Even though the instruction complained of be considered

inadequate as to the measure of damages, the record fails to disclose that defendant requested an instruction correctly stating the measure of damages. In such cases a judgment will not be reversed because the instruction given does not accurately define the measure of damages. Bunch v. Perkins, 198 Okla. 517, 180 P. 2d 664.

Judgment affirmed.

DAVISON, V.C.J., and WELCH, GIBSON, and ARNOLD, JJ., concur. HURST, C.J., and LUTTRELL, J., dissent.