16450

SEALE MOTOR CO., INC. v. STONE
(62 S. E. (2d) 824)

374

*Mr. Isadore S. Bernstein,* of Columbia, *for Appellant,*

*Messrs. Colin S. Monteith, Jr.,* and *Davis & Lanford,* of Columbia, *for Respondent,*

December 28, 1950.

STUKES, Justice.

On January 20, 1949, Seale Motor Company, Incorporated, of Hazard, Kentucky, sold a Crosley station wagon to Warren Poindexter, so described in the body of the self-styled "contract", who signed a title retention contract, in the nature of a chattel mortgage securing the unpaid portion of the purchase price, as W. E. Poindexter. The printed form was that of the seller, the names of whose officers appear at the top, one being C. M. Seale, vice-president. The issue to be determined arises out of the purported acknowledgment which appears at the foot of the contract form and upon the faith of which it was recorded on the date of execution. Copy follows:

"State of Kentucky,
County of Perry:
I, Carl M. Seale, D. C. in and for the county and state aforesaid certify there came before me in said County and State Perry, Ky. who produced the foregoing contract and acknowledged same to be his act and deed in due form of law.
Witness my hand this 20 day of January, 1949.

    Prentiss Baker, Clerk, P. C.
    By: Carl M. Seale, D. C. (Signed)
    Notary Public, Perry County, Kentucky.
    My commission expires . . . . . . . . . . . . . . ."

The credit portion of the purchase price was $566.40, payable in twelve equal successive monthly installments, none of which has been paid. The automobile was removed from the State of Kentucky in violation of the terms of the contract and became the property of a Columbia dealer who transferred it to respondent in a trade and the latter thereby became a purchaser for value in good faith, without actual notice of the lien. The original vendor, Seale Motor Company, appellant here, located the automobile in the hands of respondent and brought this action for possession, contending that the recorded contract to it constituted constructive notice to respondent. The complaint was usual in form and the defendant, now respondent, pleaded *bona fide* purchaser for value without notice and also estoppel. The latter issue was submitted upon trial to a jury, that is, whether appellant negligently misled respondent into the purchase of the mortgaged property. The verdict was for appellant. Thereafter respondent moved for judgment *non obstante veredicto* upon grounds which he had submitted for direction of verdict in his favor. The motion was granted and the trial court held that the adequacy of the acknowledgment should be tested by the law of this State because of the failure of appellant to plead the law of Kentucky in accord with the Uniform Judicial Notice of Foreign Law Act approved April 8, 1948, 45 Stat. 1813. It was further held that the cases of *Woolfolk v. Graniteville Mfg. Co.*, 22 S. C. 332, and *Watts v. Whetstone*, 79 S. C. 357, 60 S. E. 703, necessitate the conclusion of insufficiency of the acknowledgment to entitle the contract to record, wherefore it did not constitute notice to respondent.

After the judgment for respondent notwithstanding the verdict appellant moved for permission to amend the complaint to allege its conception of the Kentucky law and to conform the pleading to the facts (meaning the acknowledgment and recording of the contract) proved at the trial, which the court refused and the appeal also embraces alleged error therein. In this connection, appellant's brief contains

the pertinent Kentucky statutes which were introduced in evidence at the trial, as follows:

"Section 382.650. A chattel mortgage may be executed by the mortgagor or by his duly authorized agent and shall be witnessed or acknowledged as provided in Kentucky Revised Statutes 382.130 to 382.150."

"Section 382.130. Deeds executed in this state may be admitted to record:

"(1) On the acknowledgment, before the proper clerk, by the party making the deed;

\* \* \*

"(5) On the certificate of a county clerk of this state, or any notary public, that the deed has been acknowledged before him by the party making the deed \* \* \*.

\* \* \*

"Section 382.160. Where the acknowledgment of a deed is taken by an officer of this state or by an officer residing out of this state, he may simply certify that it was acknowledged before him, and when it was done."

Appellant has briefed its exceptions to present three questions: First, was the acknowledgment fatally defective? Second, does the law of this State govern? And third, was it error to refuse appellant's motion to amend the complaint? However, examination of the statutes and review of the decisions generally, including Kentucky and South Carolina, leave no doubt that the acknowledgment should be held to be fatally defective under the law of both States, and this result renders unnecessary consideration of the other questions which have been argued.

The Kentucky statutes have been set out above. Ours corresponding is Code Sec. 3632, as follows: "Before any deed or other instrument in writing can be recorded in this State, the execution thereof shall be first proved by the affidavit of a subscribing witness to said instrument, taken before some officer within this State competent to administer an oath. If the affidavit be taken without the limits of this

State," etc. Decisions construing and applying the statute, including those cited *supra* as relied upon by the lower court, are found in the footnote to the section in the code. To them should be added the recent case of *Franklin Savings & Loan Co. v. Riddle,* 216 S. C. 367, 57 S. E. (2d) 910, where the acknowledgment (probate) was only latently defective, so recording on the strength of it effected constructive notice of the lien. In the case now in hand the acknowledgment was defective on its face which requires opposite result.

The manifest purpose of the quoted statute is to require for record proof of the authenticity of the instrument—that it was executed by the purported maker. *Dillon & Son Co. v. Oliver,* 106 S. C. 410, 91 S. E. 304. So with the Kentucky statute, *supra.* It requires acknowledgment, quoting and adding emphasis: *"by the party making the deed."*

The claimed acknowledgment in this case contains no reference to the identity of the maker. For aught that appears, the acknowledgor may have been the mortgagee. The insertion of "Perry, Ky." in the blank provided for the name of the acknowledgor indicates oversight but can it be said with any degree of certainty that it was intended to instead insert "W. E. Poindexter" or "Warren Poindexter"? We do not think so. The only connection between the contract and the claimed acknowledgment is that they are annexed, are parts of the same printed form, and the latter refers to the former as "foregoing"; but that does not meet the legal requirements.

The subject in controversy is dealt with in a copious annotation in 29 A. L. R. 919, supplemented in *Newton Finance Corp. v. Conner,* 161 Tenn. 441, 33 S. W. (2d) 95, 72 A. L. R. 1290. From the former, at pages 982, 1001 and 1002, are the following conclusions:

"It is essential that the certificate show in some way who made the acknowledgment, and that he was the person who executed the instrument acknowledged. * * *

"The omission of the name of the grantor or affiant in the certificate, leaving a blank where the name ought to be, or simply reciting the fact of acknowledgment, but not stating by whom it was made, has been held to be fatal. * * *

"And the weight of authority is that the omission of the grantor's name may be disregarded unless such omission leaves uncertain the identity of the person making the acknowledgment with the person executing the instrument."

The more liberal, majority rule last above quoted is found in about the same language in 1 Am. Jur. 364, Sec. 118, and also in 1 C. J. S., Acknowledgments, § 92(a) 2, p. 855. Measured by it, the inadequacy of the purported acknowledgment in this case is manifest. The ridiculous entry of "Perry, Ky." only adds to the confusion and uncertainty of the intention of the notary. No light is thrown on it by the contents of the record before us. Disregarding "Perry, Ky." as surplusage and striking it out for the purpose of construction would be of no aid. The certificate would still be meaningless and therefore insufficient. Clearly the instrument was not entitled to record and the recordation did not constitute constructive notice to respondent.

The decisions mainly relied upon by appellant in the well-prepared brief have been considered with care and will be reviewed. *Louisville Joint Stock Land Bank v. McNeely,* 267 Ky. 425, 102 S. W. (2d) 389, 392, presented facts entirely different from those of the instant case. The certificates which constituted the contested acknowledgment was by a notary public who certified, quoting, "that the foregoing mortgage from H. B. McChesney, L. L. McChesney, his wife, to E. L. McNeely was this day produced * * * and acknowledged before me by them to be their act", etc. The specious attack was that it was not clear that H. B. McChesney and his wife acknowledged the mortgage, upon the contention that the meaning of the pronoun "them" was uncer-

tain. It was argued that the pronoun might refer to any persons named in the instument, but the court properly made short shrift of the contention. In *Kentucky Land and Immigration Co. v. Crabtree,* 113 Ky. 922, 70 S. W. 31, a deed was signed "James M. Barclay" and the certificate of arknowledgment referred to "John L. Barclay" but there was a reference in the certificate that the "said Barclay" had made the acknowledgment which raised the inference of identity of the maker and the acknowledgor and the court held the discrepancy to be a patent mistake in the transcript.

Appellant also cites two Oklahoma decisions, the first of which is *Gardner v. Incorporated City of McAlester,* 198 Okl. 547, 179 P. (2d) 894, 897. It is of no value here which is demonstrated by consideration of the following copy of the acknowledgment there challenged: "Before me, Roy Caldwell, a Notary Public in and for said County and State, on this 17th day of August, 1925, personally appeared . . . . . . . . . . . . to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed, for the use and purpose therein set forth." The reference to the "identical person who executed the within and foregoing instrument" was held to supply the blank. No such explanatory reference is present here.

By presently interesting coincidence there was involved in *O'Banion v. Morris Plan Bank,* 1948, 201 Okl. 256, 204 P. (2d) 872, the question of priority of lien of an automobile mortgage executed and recorded in Kentucky and the security had about the same fugitive history as that in the instant case. However, the question was as to the sufficiency of the acknowledgment of an assignment by the mortgagee to the plaintiff, to entitle it to record. The mortgagee and assignor was King Motor Sales. The basis for the contention of invalidity of the acknowledgment and recording was that when the assignment was made to the plaintiff there was a failure to name the member or officer of King Motor Sales

who delivered the instrument as assignor to the notary and acknowledged it as the assignor's voluntary act, and *Maitland v. Republic Refining Co.*, 109 Okl. 55, 234 P. 754, 755, was cited. The case then in hand was distinguished by the fact that the form of the assignment was on the back of the mortgage and the same notary took the acknowledgment of the mortagor and of the assignor, and the assignor, as the mortgagee, had also executed and acknowledged the mortgage contract and the same person as a member of the mortgagee firm signed both acknowledgments. The only failure of the notary was to insert in the body of the acknowledgment of the assignment the name of the firm member making the acknowledgment. The court held that all of the surrounding circomstances negatived the idea that the party acknowledging was someone other than the party executing, and held the acknowledgment sufficient, However, the court was careful to cite text authority for its statement, as follows: "It is generally true that where the name of the person making the acknowledgment is omitted in the certificate, without a showing such person was granter therein, the certificate is considered fatally defective." [201 Okl. 256, 204 P. (2d) 875.]

The latter was the result in the earlier Oklahoma case of *Maitland, supra*. There the verification clause failed to show who swore to the instrument, and the court said: "There are two essential matters to which an officer must direct his attention in taking an acknowledgment. They are: Identity of the person appearing before him as the person described in and who executed the instrument: and his unequivocal acknowledgment that he executed the instrument as his act and deed." 72 A. L. R. 1299, 1302.

The exceptions are overruled and the judgment affirmed.

TAYLOR and OXNER, JJ., concur.

FISHBURNE, J., dissents.

BAKER, C. J., not participating.

FISHBURNE, Justice (dissenting).

I regret that I must record a dissent to the leading opinion in this cause, but I cannot agree that the acknowledgment to the title retention contract under consideration is fatally defective. This acknowledgment reads as follows:

"State of Kentucky,

County of Perry:

I, Carl M. Seale, D. C. in and for the county and state aforesaid, certify there came before me in said County and State......Perry, Ky., who produced the foregoing contract and acknowledged same to be his act and deed in due form of law.

Witness my hand this 20 day of January, 1949.

Prentiss Baker Clerk, P. C.

By: Carl M. Seale, D. C.

Notary Public, Perry County,

Kentucky.

My Commission expires ........"

Under the Kentucky law, which I think is applicable to this case, the title retention contract or chattel mortgage in question, executed by W. E. Poindexter to Seale Motor Company, was entitled to be admitted to record "On the acknowledgment, before the proper clerk, by the party making the deed".

Immediately above the quoted acknowledgment appears the signature of W. E. Poindexter, who is the party who executed the instrument. Obviously, his name should appear in the blank space in the acknowledgment where the deputy clerk through oversight inserted "Perry, Ky." instead of the name "W. E. Poindexter."

By the great weight of authority, a literal compliance with the statutory forms of acknowledgment to conveyances is not exacted. It is the policy of the law to uphold certificates of acknowledgment, and whenever it is found that the law has been substantially complied with, obvious clerical errors and all technical defects or omissions will be disregarded.

1 C. J. S., Acknowledgments, § 92 (2), Page 855; 1 Am. Jur., Sec. 118, Page 364.

There are many decisions which hold that "it is the policy of the law to construe acknowledgments liberally, and not to allow a conveyance to be defeated by unsubstantial and technical objections to the certificate of acknowledgment." *Wells v. Atkinson,* 24 Minn. 161, 165.

And to show the attitude of our Court, I quote the headnote in *Arther v Hollowell,* 111 S. C. 444, 98 S. E. 202: "Where deed was in fact witnessed by two witnesses, the mere fact that the notary omitted to declare in the probate that one of the witnesses was also present at the execution was not sufficient to invalidate the record, notwithstanding 17 Stats. 319, requiring, before recording, execution to be proved by a subscribing witness and Civ. Code, 1912, § 3453, as to execution."

It is likewise a rule of general acceptation that a failure to insert the name of the acknowledger in the certificate is not fatal, where the omission may be supplied by reference contained in the certificate to the instrument itself. In this case, the acknowledgment to the title retention contract may be read along with the instrument, for the purpose of showing that the party signing the contract is the same person who acknowledged its execution.

In the case at bar, the deputy clerk's certificate of acknowledgment is attached to the contract, and, as stated, appears immediately under the signature of W. E. Poindexter, who executed the contract.

When the deputy clerk certifies, as he does here, that a person unnamed came before him, "who produced the foregoing contract and acknowledged same to be his act and deed in due form of law,"—to whom does he refer? Certainly not to the mortgagee. The description given by the deputy clerk must of necessity exclude everyone except the person who produced the contract and acknowledged it to be his act and

384

deed. This could have reference to none other than W. E. Poindexter, who executed the instrument. Certainly the failure of the deputy clerk to insert the name of W. E. Poindexter in the certificate is not fatal, because this omission may be supplied by the reference contained in the certificate to the instrument itself. In my·opinion, the question of the identity. of the acknowledger is entirely free from doubt, and I think the acknowledgment in this case adequately and sufficiently complies with the Kentucky law. It is my opinion, therefore, that the judgment should be reversed.